| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X<br>EQUAL EMPLOYMENT OPPORTUNITY<br>COMMISSION,<br>                      Plaintiff,<br><br>                      v.<br><br>DUANE READE INC., d/b/a DUANE READE,<br>                      Defendant.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X | *ECF CASE*<br><br>Civil Action No.<br>05-CV-00036 (GBD)(DF)<br><br><br><br><br><br>**COMPLAINT**<br>**& JURY DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, pregnancy, and retaliation, and to provide appropriate relief to Charging Parties Mary Asiedu, Iscania Diaz, Tenika Ferguson and a class of other similarly situated individuals who were adversely affected by such unlawful practices. As charged with greater specificity below, the Commission alleges that defendant Duane Reade Inc., d/b/a Duane Reade, unlawfully created and failed to remedy a hostile work environment by subjecting Mary Asiedu, Iscania Diaz, Tenika Ferguson and a class of other similarly situated female employees to sexual harassment and a hostile work environment because of their sex, female. The Commission also alleges that Duane Reade unlawfully created and failed to remedy a hostile work environment by subjecting Iscania Diaz, Tenika Ferguson and a class of other similarly situated pregnant employees to harassment and a hostile work environment because of their pregnancies, and that Duane Reade unlawfully discriminated against Iscania Diaz, Tenika Ferguson and a class of other similarly situated pregnant employees by materially altering the terms and conditions of their employment due to their pregnancies. The Commission further alleges that defendant unlawfully retaliated

against Charging Parties for opposing discriminatory employment practices and harassment and for participating in protected activities, including the filing of EEOC Charges.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et. seq.*, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The unlawful employment practices were and are now being committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3.	Plaintiff Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e - 6.

4.	At all relevant times defendant Duane Reade has continuously been a Delaware corporation doing business in the State of New York and the City of New York and has continuously had at least 15 employees.

5.	At all relevant times defendant Duane Reade has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6. More than 30 days prior to the institution of this lawsuit, Mary Asiedu, Iscania Diaz and Tenika Ferguson filed charges with the Commission alleging violations of Title VII by defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2002, defendant Duane Reade has created and failed to remedy a hostile work environment, has engaged in retaliation, and has engaged in a pattern or practice of unlawful employment practices in the City of New York, New York, in violation of Section 703 and 704 of Title VII, 42 U.S.C. §§ 2000e - 2 and e - 3. These unlawful discriminatory practices include, but are not limited to, the following:

    a. Defendant, through its manager Madiaw Diaw, sexually harassed Mary Asiedu, Iscania Diaz, Tenika Ferguson and a class of similarly situated female employees by subjecting them to offensive sexually harassing conduct including, but not limited to, unwelcome sexual touching, sexually explicit comments, sexual propositions, lewd and vulgar gestures, leering and staring at women, and other unwelcome and offensive conduct of a sexual nature, which created and/or creates a hostile work environment. The physical contact includes but is not limited to repeatedly touching or attempting to touch female employees in inappropriate ways, including grabbing of the buttocks. The sexually offensive comments include, but are not limited to, comments such as "you have a fat pussy," "I could look at your body all day," asking female employees about or making comments about their intimate relations with men, making lewd comments and suggestions about female employees and a male employee, bragging that he had engaged in sexual relations with other female employees in the Duane Reade store and making

statements about his favorite locations in which to have sexual relations with employees in the Duane Reade store.

      b.      Defendant, through its manager Madiaw Diaw, unlawfully discriminated against Iscania Diaz, Tenika Ferguson and a class of similarly situated pregnant employees by subjecting them to offensive harassing conduct, including but not limited to offensive comments about their pregnancies and sexually explicit comments related to their pregnancies and anatomy, and other unwelcome and offensive conduct which creates and/or created a hostile work environment, and by materially altering the terms and conditions of their employment due to their pregnancies. The offensive conduct includes but is not limited to comments that men prefer to have sex with pregnant women because pregnant women allegedly are "more moist," questions to pregnant employees about what sexual positions they use and making such comments as "How do you do it with your stomach so big?," "Wow, your butt is getting big, your boyfriend must be happy," "Do you do it with your husband?," calling a pregnant employee a "pregnant bitch" and referring to pregnant employees as "good for nothing." Defendant materially altered the terms and conditions of employment for its pregnant employees by such conduct which included, but is not limited to, assigning pregnant women to perform undesirable job duties that they did not normally perform, failing to grant their requests for physical accommodations such as not being assigned to lift heavy objects when such employees were not typically assigned those duties when they were not pregnant and other employees were available to perform such duties, stating that pregnant women were being assigned the undesirable duties because that was "all they were good for" and so that the defendant's manager "wouldn't have to look at" them.

      c.      After employees engaged in protected activity, including but not limited to filing of charges of discrimination with the Commission, defendant Duane Reade retaliated against employees by harassing them through defendant's supervisors and employees, which created a hostile work environment.

8.      Defendant Duane Reade has failed and continues to fail to exercise the requisite care to prevent and correct promptly the unlawful discrimination, harassment and hostile work environment and has taken and continues to take insufficient or no remedial action.

9.      The effect of the practices complained of above has been to deprive Mary Asiedu, Iscania Diaz, Tenika Ferguson and a class of other similarly situated employees of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex and/or pregnancies, and because they engaged in a protected activity.

10.      The unlawful employment practices complained of above were and are intentional.

11.      The unlawful employment practices complained of above were and are willful and done with malice or with reckless indifference to the federally protected rights of Mary Asiedu, Iscania Diaz, Tenika Ferguson and a class of similarly situated employees.

## **PRAYER FOR RELIEF**

The Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining defendant Duane Reade, its officers, successors, assigns and all persons in active concert or participation with it from engaging in any employment practices which discriminate on the basis of sex or pregnancy.

B.   Grant a permanent injunction enjoining defendant Duane Reade, its officers, successors, assigns and all persons in active concert or participation with it from engaging in any employment practices which discriminate against employees engaging in protected activity.

C.   Order defendant Duane Reade to institute and carry out policies, practices and programs which provide equal employment opportunities for female employees, pregnant employees and employees engaged in protective activity, and which eradicate the effects of defendant Duane Reade's past and present unlawful employment practices.

D.   Order defendant Duane Reade to make whole all those individuals affected by the unlawful employment practices described above, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of defendant Duane Reade's unlawful employment practices.

E.   Order defendant Duane Reade to make whole all those individuals affected by the unlawful employment practices described above, by providing compensation for past and future pecuniary losses in amounts to be determined at trial.

F.   Order defendant Duane Reade to make whole all those individuals adversely affected by the unlawful employment practices described above, by providing compensation for past and future non-pecuniary losses, including pain, suffering, and humiliation in amounts to be determined at trial.

G.   Order defendant Duane Reade to pay all those individuals adversely affected by the unlawful employment practices described above by providing punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial.

H.   Grant such further relief as the Court deems necessary and proper.

I.   Award the Commission its costs in this action.

## **JURY DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: New York, New York
January 5, 2005

       Respectfully submitted,

        Eric S. Dreiband
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 "L" Street, N.W.
        Washington, D.C.  20507

        _____

        Elizabeth Grossman
        Acting Regional Attorney

        Nora Curtin
        Acting Supervisory Trial Attorney

        _____s/_____
        Judy Keenan (JK-3083)
        Senior Trial Attorney

        New York District Office
        33 Whitehall Street, 5th Floor
        New York, NY 10004-2112
        Phone:  212.336.3705
        Fax:   212.336.3623
        e-mail:  judy.keenan@eeoc.gov